UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAMON ALVAREZ-RODRIGUEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 24-3006 (UNA) |
| | : | |
| WARDEN, FCI MARION, *et al*., | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint.  The Court GRANTS the application and DISMISSES the complaint.

Plaintiff brings a "[c]laim for personal property lost while in the care and control of the Bureau of Prisons during [his] transfer from ADX FLORENCE to FCU TERRE HAUTE." Compl. at 4 (emphasis in original).  He attaches to his complaint correspondence from BOP's North Central Regional Office acknowledging receipt of plaintiff's administrative claim on February 10, 2023, and notifying plaintiff that his claim would be treated as a small claim under 31 U.S.C. § 3723.  *See id*., Ex. (ECF No. 1-2).  Presumably BOP refused to settle the claim, and plaintiff now demands payment, *see id*. at 4, citing the Federal Tort Claims Act ("FTCA") as the basis for this Court's jurisdiction, *see id*. 2.

The FTCA waives the United States' sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (quoting 28 U.S.C. § 1346(b)(1)).  It is a limited waiver of

1

sovereign immunity which "renders the United States subject to suit for certain – but not all – tort claims." *Atherton v. United States*, 174 F. Supp. 3d 359, 363 (D.D.C. 2016). Specifically excluded is a "claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). BOP officers are considered law enforcement officers for FTCA purposes, *see Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 219–21 (2008), and "a federal prisoner's FTCA claim arising out of the loss of personal property during a transfer between federal prisons" is therefore barred, *Moler v. Potter*, No. 6:19-cv-205-CHB, 2020 WL 2476758, at *3 (E.D. Ky. May 13, 2020), *aff'd*, No. 20-5579, 2020 WL 9886297 (6th Cir. Dec. 30, 2020).

Plaintiff cannot proceed under 31 U.S.C. § 3723 either. "Section 3723, which is part of the Military Personnel and Civilian Employees' Claims Act, provides no mechanism for judicial review of the agency head's decision not to settle a claim." *Moler*, 2020 WL 2476758, at *3 (citing 31 U.S.C. § 3721(k)).

An Order is issued separately.

DATE: February 21, 2025                             RUDOLPH CONTRERAS
                                                                       United States District Judge

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that plaintiff's application to proceed *in forma pauperis* [2] is GRANTED; it is

FURTHER ORDERED that the complaint and this civil action are DISMISSED WITHOUT PREJUDICE.

This is a final appealable Order.

The Clerk of Court shall TERMINATE this matter.

SO ORDERED.

DATE: February 21, 2025                              AMIR H. ALI
                                                     United States District Judge